NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

10-1252

STATE OF LOUISIANA

VERSUS

RONALD J. TAYLOR

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 98-1487
HONORABLE EDWARD M. LEONARD, JR.

**********

JIMMIE C. PETERS
JUDGE

**********

Court composed of Oswald A. Decuir, Jimmie C. Peters, and Billy H. Ezell, Judges.

**APPEAL DISMISSED. DEFENDANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS WITHIN THIRTY DAYS OF THE DATE OF THIS OPINION.**

Hon. J. Phillip Haney
District Attorney, 16th JDC
300 Iberia Street, Suite 200
New Iberia, LA 70560
(337) 369-4420
COUNSEL FOR APPELLEE:
      State of Louisiana

Mr. Ronald J. Taylor
In Proper Person
Allen Correctional Center
3751 Lauderdale Woodyard Road
Kinder, LA 70648

**Peters, Judge.**

On April 26, 2001, Defendant entered into a plea agreement and pled guilty to one count of conspiracy to commit first degree murder, in violation of La.R.S. 14:26 and La.R.S. 14:30, and one count of possessing more than twenty-eight grams but less than 200 grams of cocaine, in violation of La.R.S. 40:967. The trial court then sentenced Defendant in accordance with his plea agreement: twenty-five years at hard labor with all but ten years suspended for the conspiracy conviction and ten years at hard labor for the cocaine conviction. The sentencing court then ordered the penalties, probation, and parole to run concurrently and gave Defendant credit for time served.

On August 13, 2008, Defendant appeared for a hearing on his probation officer's motion to revoke Defendant's probation. After considering the evidence presented, the district court found adequate evidence presented to show Defendant had committed other crimes during his probationary period, revoked Defendant's probation, and ordered Defendant to serve the remainder of his sentences. At that time, the trial court denied Defendant's motion seeking credit for time served on probation.

On April 5, 2010, Defendant filed a "Motion to Correct an Illegal Sentence" with the trial court based on the trial court's denial of credit for time served at the time of his probation revocation. In response, the State filed a "Motion to Dismiss" on June 9, 2010. In its motion the prosecution urged that, under Louisiana Law, Defendant was not entitled to credit for time spent on probation or for time elapsed during a suspension of sentence. The district court granted relief on the State's "Motion to Dismiss" and dismissed Defendant's "Motion to Correct an Illegal Sentence."

On June 21, 2010, Defendant filed a "Notice of Intent to Appeal/Seek Supervisory Writs" with the trial court. The district court granted relief and ordered Defendant "to perfect and submit an Appeal." Thereafter, an appellate record was lodged with this court. In response, this court, on October 18, 2010, issued an order directing Defendant to show cause on or before November 8, 2010, why his appeal should not be dismissed as it sought review of a nonappealable judgment. Defendant failed to file a brief or otherwise respond by the November 8, 2010, deadline specified in this court's order.

The judgment at issue herein is not appealable, pursuant to La.Code Crim.P. arts. 912 and 912.1; therefore, the appeal in the above-captioned case is hereby dismissed. Defendant will be permitted to file an application for supervisory review with this court within thirty days of the date of this opinion. Defendant is required to neither file a notice of intent to seek writs nor obtain an order from the trial court setting a return date as is generally required by Uniform Rules—Courts of Appeal, Rule 4-3. We construe the motion for appeal as a timely filed notice of intent to seek a supervisory writ.

**APPEAL DISMISSED. DEFENDANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS WITHIN THIRTY DAYS OF THE DATE OF THIS OPINION.**